1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH NORTH,<br><br>                Plaintiff,<br><br>    v.<br><br>SAMSUNG SDI AMERICA, INC., et al.,<br><br>                Defendants. | Case No.  5:19-cv-05621-EJD<br><br>**ORDER DENYING MOTION TO REMAND; GRANTING MOTION TO TRANSFER**<br><br>Re: Dkt. Nos. 7, 20 |

      This is a product liability action.  Plaintiff Joseph North ("Plaintiff") claims he was seriously injured when the lithium-ion batteries for electronic cigarettes ("E-cigarettes") he was carrying in his pocket suddenly exploded.  Presently before the Court are Plaintiff's motion to remand and for attorneys' fees, and Defendants' motion to dismiss for improper venue or to transfer the action to the Eastern District of Texas, Sherman Division.  The Court finds it appropriate to take the matters under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b).  For the reasons stated below, Plaintiff's motion to remand will be denied and Defendants' motion to transfer will be granted.

## I.      BACKGROUND

      Plaintiff is currently a resident of Oregon.  Comp. ¶ 1.  At the time of the incident giving rise to this lawsuit, Plaintiff was a resident of Texas.  *Id*.  Plaintiff alleges on information and belief that Defendant Samsung SDI America, Inc. ("SDIA") is a California corporation with its principal place of business in San Jose, California, and is in the business of designing, manufacturing, marketing, testing, promoting, selling, importing, exporting, and/or distributing Samsung lithium-ion 18650 batteries.  *Id*. ¶¶ 2-3.  Defendant Samsung SDI Co. Ltd. ("Samsung")

is a Korean entity that manufactures and distributes lithium-ion 18650 batteries worldwide.  *Id*. ¶ 4.  Samsung allegedly works in concert with SDIA to export, import, and distribute lithium-ion batteries throughout California and the United States more broadly.  *Id*.

On May 16, 2017, Plaintiff had e-cigarette batteries manufactured and distributed by Defendants in his pants pocket.  *Id*.  ¶ 30.  He was holding his child.  *Id*.  The batteries suddenly and without warning exploded in his pocket.  *Id*.  Plaintiff immediately set down his child as his clothes caught fire.  *Id*.  Plaintiff called 911 and was transported via ambulance to the Emergency Department at Medical City Denton in Texas, where he was diagnosed with first and second degree burns to his thigh and arm.  *Id*. ¶ 31.  Plaintiff has suffered an excruciating healing process and has been physically and emotionally scarred.  *Id*. ¶¶ 32- 33.  Plaintiff has also lost wages.  *Id*. ¶ 32.  Based on the foregoing, Plaintiff filed suit in the Superior Court of California, County of Santa Clara, asserting claims for (1) strict liability, (2) negligence, (3) breach of implied warrant, (4) negligent misrepresentation and (5) violation of unfair competition law.  *Id*. ¶¶ 34-80.

Defendants removed the action pursuant to 28 U.S.C. §§1332, 1441, and 1446, reasoning that this Court has subject matter jurisdiction because SDIA is a sham defendant whose citizenship should be disregarded, the remaining parties (Plaintiff and Samsung) are citizens of different States, and the amount in controversy exceeds the sum of $75,000.  SDIA contends that there is no reasonable basis in law or fact by which any court could hold SDIA liable for Plaintiff's asserted injuries because SDIA did not place the 18650 lithium-ion batteries referenced in the Complaint in the stream of commerce or play any role in the process of bringing those batteries to consumers.  According to Jikwang Kim ("Kim"), who is employed as SDIA's Controller, SDIA (1) does not design and has never designed 18650 lithium-ion batteries; (2) does not fabricate and has never fabricated 18650 lithium-ion batteries; (3) does not assemble and has never assembled 18650 lithium-ion batteries; (4) does not manufacture and has never manufactured 18650 lithium-ion batteries; (5) does not package and has never packaged 18650 lithium-ion batteries; (6) does not label and has never labeled 18650 lithium-ion batteries; (7) does not test and has never tested 18650 lithium-ion batteries; (8) does not modify and has never modified 18650 lithium-

batteries; (9) does not warranty and has never warrantied 18650 lithium-ion batteries; (10) is not and has never been a distributor, wholesaler, or supplier of 18650 lithium-ion batteries; (11) does not distribute and has never distributed 18650 lithium-ion batteries; (12) does not supply and has never supplied 18650 lithium-ion batteries; (13) does not import and has never imported 18650 lithium-ion batteries; (14) does not export and has never exported 18650 lithium-ion batteries; (15) does not advertise and has never advertised 18650 lithium-ion batteries; (16) does not market and has never marketed 18650 lithium-ion batteries; (17) does not sell and has never sold 18650 lithium-ion batteries; and (18) does not make and has never made any representations concerning the safety of 18650 lithium-ion  batteries.  Decl. of Jikwang Kim in Support of Defendants' Notice of Removal ¶¶ 2-22 (Dkt. No. 1-2).  Kim represents that SDIA did not design, fabricate, assemble, manufacture, package, label, test, modify, warranty, distribute, wholesale, supply, import, export, advertise, market, sell, or make any representations concerning the safety of the 18650 lithium-ion batteries referenced in the Complaint.  *Id.*  Kim also represents that SDIA does not place and has never placed 18650 lithium-ion batteries in the stream of commerce or play any role in the process of bringing 18650 lithium-ion batteries to consumers.  *Id.* ¶ 21.

Beyond the representations summarized above, Kim states that SDIA did not receive any direct financial benefit from the sale of 18650 lithium-ion batteries by Samsung; that SDIA's conduct is not a necessary factor in bringing 18650 lithium-ion batteries to the initial consumer market; and that SDIA does not have any control over, or a substantial ability to influence, the manufacturing or distribution of 18650 lithium-ion batteries.  *Id.* ¶ 23.  SDIA is not a merchant with respect to and "does not deal in" 18650 lithium-ion batteries "or its kind."  *Id.* ¶ 24.  SDIA does not hold itself out as having knowledge or skill peculiar to 18650 lithium-ion batteries.  *Id.* ¶ 25.  Kim also represents that SDIA did not contract with Plaintiff or any consumers who purchased 18650 lithium-ion batteries.  *Id.*  SDIA does not conduct any business act related to 18650 lithium-ion batteries.  *Id.* ¶ 26.  Kim also represents that SDIA does not advertise 18650 lithium-ion batteries and does not conceal any safety hazards or risks posed by 18650 lithium-ion

1   batteries.  *Id.*[1]

2   **II.      DISCUSSION**

3        **A.      MOTION TO REMAND**

4        Title 28 United States Code section 1441(a) states: "Except as otherwise expressly

5   provided by Act of Congress, any civil action brought in a State court of which the district courts

6   of the United States have original jurisdiction, may be removed by the defendant or the

7   defendants, to the district court of the United States for the district and division embracing the

8   place where such action is pending."  A civil action founded on Title 28 United States Code

9   section 1332(a), i.e. diversity jurisdiction, is thus removable.  Jurisdiction founded on section

10  1332(a) requires that the parties be in complete diversity and the amount in controversy exceed

11  $75,000.  Complete diversity means that the citizenship of each plaintiff is diverse from the

12  citizenship of each defendant.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 62 (1996).  A civil action

13  otherwise removable solely on the basis of diversity jurisdiction, however, "may not be removed if

14  any of the parties in interest properly joined and served as defendants is a citizen of the State in

15  which such action is brought."  28 U.S.C. § 1441(b)(2).  Section 1441(b)(2) embodies what is

16  commonly known as the "no local defendant" rule.

17       There is a "strong presumption against removal jurisdiction," and a defendant "always has

18  the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th

19  Cir. 1992); *see also Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005)

20  ("removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of

21  state courts").  After removal, a case can be remanded for lack of subject matter jurisdiction or for

22  a defect in removal procedure.  28 U.S.C. § 1447(c).  Federal jurisdiction must be rejected if there

23  is any doubt as to the right of removal in the first instance.  *Matheson v. Progressive Specialty Ins.*

24  *Co.*, 319 F.3d 1089, 1091 (9th Cir. 2003); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062,

25

26  _____

27  [1] SDIA, however, has a factory in Michigan that researches and develops midsize lithium-ion
    batteries and manufactures auto battery packs for electric vehicles.  Supplemental Decl. of
    Jikwang Kim ¶ 10.

28  Case No.: 5:19-cv-05621-EJD
    ORDER DENYING MOTION TO REMAND; GRANTING MOTION TO TRANSFER

United States District Court
Northern District of California

1064 (9th Cir. 1979).

In assessing diversity of citizenship, fraudulently joined defendants are not considered and will not defeat removal. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th 1998); *see also Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) (the "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy"). A defendant is considered to be fraudulently joined, or a sham defendant, when the plaintiff fails to state a viable cause of action against the alleged sham defendant and when a defendant shows that there is no possibility the alleged sham defendant could be held liable for any claim. *Ritchey*, 139 F.3d at 1318; *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (defendant's presence in lawsuit is ignored "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state") (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

As a matter of general principle, courts presume that a defendant is not fraudulently joined. *Diaz v. Allstate Ins. Grp.*, 185 F.R.D. 581, 586 (C.D. Cal. 1998). Indeed, a defendant who asserts fraudulent joinder carries a heavy burden of persuasion to show that there has been fraudulent joinder. *Id.* Fraudulent joinder must be proven by "clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Stated differently, it must appear to a "near certainty" that the joinder was fraudulent. *Alexander v. Select Comfort Retail Corp.*, No. 18-6446 YGR, 2018 WL 6726639, at *2 & n.4 (N.D. Cal. Dec. 21, 2018) (citing *Diaz*, 185 F.R.D. at 586). Merely showing that an action is "likely to be dismissed" against that defendant does not demonstrate fraudulent joinder. *Diaz*, 185 F.R.D. at 586; *Lieberman v. Meshkin, Mazandarani*, No 96-3344 SI, 1996 WL 732506, at *2 (N.D. Cal. Dec. 11, 1996) ("The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so."). The defendant must be able to show that the individuals joined in the action cannot be liable under *any* theory. *Calero v. Unisys Corp.*, 271 F. Supp. 2d 1172, 1176 (N.D. Cal. 2003). In resolving the issue, the court must resolve all ambiguities in state law in favor of the plaintiff. *Diaz*, 185 F.R.D. at 586. "If there is a non-

1  fanciful possibility that plaintiff can state a claim under California law against the non-diverse

2  defendant[] the court must remand." *Macey v. Allstate Property and Cas. Ins. Co.*, 220 F. Supp.

3  2d 1116, 1117 (N.D. Cal. 2002).

4          The test for fraudulent joinder resembles a Rule 12(b)(6) analysis in that the court "accepts

5  non-conclusory factual allegations in the complaint as true and does not consider the merits

6  defenses (other than procedural bars) claimed by the resident defendant." *TPS Utilicom Services,*

7  *Inc. v. AT&T Corp.*, 223 F. Supp. 2d 1089, 1102 (C.D. Cal. 2002).  The court's inquiry into

8  fraudulent joinder, however, is broader than Rule 12(b)(6).  A claim of fraudulent joinder may be

9  resolved by  "piercing the pleadings" and "considering summary judgment-type evidence such as

10  affidavits and deposition testimony." *Morris v. Princess Cruises, Inc.*, 236 F.3d at 1068 (quoting

11  *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995)); *see also Soo v.*

12  *United Parcel Service, Inc.*, 73 F. Supp. 2d 1126, 1128 (N.D. Cal. 1999) ("Where fraudulent

13  joinder is an issue, the court may go outside the pleadings, and the defendant may present facts

14  showing that the joinder is fraudulent.").

15          Plaintiff argues that SDIA is not a sham defendant because, as alleged in the Complaint,

16  SDIA is within the chain of distribution and is, therefore, strictly liable for the allegedly defective

17  batteries under California law.  *See e.g. Bostick v. Flex Equip. Co., Inc.*, 147 Cal. App. 4th 80, 88

18  (2007) ("The doctrine of strict products liability imposes strict liability in tort on all of the

19  participants in the chain of distribution of a defective product.").  Plaintiff alleges on information

20  and belief that "each of the Defendants . . . was the agent, servant, employee and/or joint venture

21  of the other defendants, and each of them, and at all said times . . . was acting in the full course

22  and scope of said agency, service, employment and/or joint venture."  Comp. ¶ 7.  Plaintiff alleges

23  that "[c]ertain defendants agreed and conspired among themselves, and with certain other

24  individuals and/or entities, to act, or not to act, in such a manner that resulted in the injury to

25  Plaintiff."  *Id.*  Plaintiff further alleges on information and belief that "each of the Defendants was

26  the successor, successor in business, successor in product line or a portion thereof, alter-ego,

27  parent, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an

28  Case No.: 5:19-cv-05621-EJD
ORDER DENYING MOTION TO REMAND; GRANTING MOTION TO TRANSFER
6

United States District Court
Northern District of California

United States District Court
Northern District of California

1  entity designing, manufacturing, assembling, packaging, modifying, selling, supplying,

2  distributing, marketing, advertising and/or warranting e-cigarettes and e-cigarette related products

3  and component parts." *Id.* ¶ 8.  Plaintiff contends that the allegations in the Complaint are

4  sufficient to raise "a non-fanciful possibility" that he can state a claim against SDIA, and

5  accordingly the Court must remand the case state court.

6      The Court disagrees.  Plaintiff's allegations are based entirely on information and belief

7  and consist of nothing more than boilerplate legal terms and phrases.  Plaintiff does not allege

8  even a single fact to support the broad allegations of agency, servitude, employment or joint

9  venture.  Plaintiff allegations of conspiracy, successor liability, alter-ego, parent-subsidiary, and

10  ownership are similarly all legal conclusions unsupported by facts.  Nor does Plaintiff plead any

11  facts to support the allegation that SDIA participated in the chain of distribution for the batteries at

12  issue.  Therefore, the Court need not accept any of these allegations as true.  *See Sprewell v.*

13  *Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (providing that for a Rule 12(b)(6)

14  motion, the court need not accept as true allegations that are "conclusory, unwarranted deductions

15  of fact, or unreasonable inferences").

16      Moreover, Plaintiff's allegations on information and belief are contradicted by SDIA's

17  clear and convincing evidence that there is absolutely no connection between SDIA and the

18  batteries at issue in this case.  SDIA's Controller, Kim, represents that SDIA did not design,

19  fabricate, assemble, manufacture, package, label, test, modify, warranty, distribute, wholesale,

20  supply, import, export, advertise, market, sell, or make any representations concerning the safety

21  of the 18650 lithium-ion batteries referenced in the Complaint.  SDIA was not a participant in the

22  chain of distribution for the batteries at issue, and therefore there is no legal basis for holding

23  SDIA liable for any of the claims asserted in the Complaint.  *See O'Neil v. Crane Co.*, 53 Cal.4th

24  335, 348-49 (2012) (recognizing that there is no product liability outside a defective product's

25  chain of distribution).

26      Faced with SDIA's evidence, Plaintiff nonetheless argues that remand is warranted

27  because (1) SDIA's representations are unsubstantiated; (2) SDIA has "taken a different approach"

28  Case No.: 5:19-cv-05621-EJD
ORDER DENYING MOTION TO REMAND; GRANTING MOTION TO TRANSFER

United States District Court
Northern District of California

1   in other, similar cases involving lithium-ion batteries; (3) publicly available information suggests

2   SDIA plays a role in the distribution and sale of lithium-ion batteries in the United States and

3   California.  None of Plaintiff's arguments are persuasive.

4        First, Plaintiff contends that Kim's declaration should be disregarded because the

5   declaration is not based upon personal knowledge, lacks foundation and contains hearsay.  The

6   objections are overruled.  Kim is the Controller at SDIA's office in Auburn Hills, Michigan and is

7   "familiar with SDIA's procedures and operations."  Decl. of Jikwang Kim ¶ 2 (Dkt. No. 1-2).

8   Kim began employment at SDIA in September of 2008 as a Staff Accountant, was promoted to

9   Accountant Manager in 2015, and became Controller in 2019.  Supplemental Decl. of Jikwang

10   Kim ¶¶ 3-4 (Dkt. No. 24-1).  Kim's duties and responsibilities as Controller include the review of

11   SDIA's business records.  *Id*. ¶ 5.  Further, Kim has personal knowledge of SDIA's day-to-day

12   business operations.  *Id*.  Thus, Kim's assertion that SDIA did not design, fabricate, assemble,

13   manufacture, package, label, test, modify, warranty, distribute, wholesale, supply, import, export,

14   advertise, market, sell, or make any representations concerning the safety of the 18650 lithium-ion

15   batteries referenced in the Complaint is well substantiated.  *See Self-Realization Fellowship*

16   *Church v. Ananda Church of Self-Realization*, 206 F.3d 1322, 1330 (9th Cir. 2000) ("Personal

17   knowledge can be inferred from an affiant's position."); *Barthelemy v. Air Lines Pilots Ass'n*, 897

18   F.2d 999, 1018 (9th Cir. 1990) (declarants' personal knowledge and competence to testify were

19   "reasonably inferred from their positions and the nature of their participation in the matters to

20   which they swore").

21        Second, Plaintiff asserts that every counsel representing SDIA has taken a "different

22   approach" in other similar cases involving lithium-ion batteries.  According to Plaintiff's counsel,

23   in some cases, counsel for SDIA is "actively litigating the case without any contention that SDIA

24   plays no role in battery distribution, or are litigating the same and not seeking dismissal despite

25   said assertion.  [citation]  Others, in exchange for dismissal of SDIA will accept service on behalf

26   of SDIA without plaintiff having to go through the Hague [Convention]."  Pl.'s Motion at 3.

27   Those cases are:  (1) *Flowers v. SDIA*, No. 18-231, filed in the District Court of Bowie County,

28   Case No.: 5:19-cv-05621-EJD

ORDER DENYING MOTION TO REMAND; GRANTING MOTION TO TRANSFER

8

Texas; (2) *Hernandez v. Cloud 9 Vape et al.*, No. 19-1031, filed in the 35th Judicial District Court, Brown County, Texas; (3) *Henry v. Smoke Free Planet*, No. 18-505, filed in the Circuit Court for Carroll County, Maryland; (4) *Kurtz v. Drive Thru Vape and Smoke Outlet LLC*, No. 18-00351, filed in the Circuit Court of Accomack County, Virginia; and (5) *Lipski v. Notorious Vapors et al.*, No. 1980-46, filed in the Superior Court for Hampshire County, Massachusetts. *Id.* According to Defendants, counsel for Plaintiff has filed at least two other cases against SDIA: *Hicks v. SDIA*, No. 19-3464349 in the Superior Court of California, Santa Clara County; and *Foote v. SDIA*, No. 19-347040 also in the Superior Court of California, Santa Clara County. Defs.' Opp'n at 7. [2]

That SDIA's various counsel may have taken different approaches in similar cases is unremarkable in and of itself. Plaintiff has not shown that SDIA has taken a position in this case that is directly contrary to or irreconcilably inconsistent with a position SDIA took in any of the other lawsuits referenced above. Moreover, although the pleadings for each of the cases cited above are not part of the record in this case, Kim represents under penalty of perjury that SDIA denied liability in every lawsuit involving 18650 lithium-ion batteries in which it was named as a defendant, and has defended on the basis that it never designed, manufactured, assembled, tested, distributed, advertised, marketed, or sold 18650 lithium-ion batteries. Supplemental Decl. of Jikwang Kim, ¶ 7. Tellingly, SDIA was voluntarily dismissed in *Flowers*, *Henry*, *Hicks*, and *Foote*. *Id.* ¶ 6. SDIA's "different approach" in the cases reference above in no way negates SDIA's clear and convincing evidence that it did not design, fabricate, assemble, manufacture, package, label, test, modify, warranty, distribute, wholesale, supply, import, export, advertise, market, sell, or make any representations concerning the safety of the 18650 lithium-ion batteries referenced in the Complaint.

Third, Plaintiff argues that publicly available information suggests SDIA plays a role in the

---

[2] The *Flowers*, *Henry*, *Hernandez*, *Kurtz*, and *Foote* lawsuits were filed in the state where the plaintiff resided, bought the product, and was injured. Supplemental Decl. of Jikwang Kim ¶ 6. The *Lipski* case was filed in the state where plaintiff lived and purchased the lithium-ion battery. *Id.* The *Hicks* case was filed in the home forum of the manufacturer of the e-cigarette device. *Id.*

Case No.: 5:19-cv-05621-EJD
ORDER DENYING MOTION TO REMAND; GRANTING MOTION TO TRANSFER

United States District Court
Northern District of California

1  distribution and sale of lithium-ion batteries in the United States and California.  Plaintiff relies on

2  a Bloomberg profile of SDIA which describes the company as providing "distribution and sales

3  support services for electronics components."  Nehmens Decl., Ex. C.  Li-ion batteries (another

4  term for lithium-ion batteries) are listed among the electronic components SDIA offers.  *Id*.  SDIA

5  objects to and moves to strike the Bloomberg profile as hearsay and because there is no evidence

6  regarding the source of the information contained therein.  The motion is well taken.  The

7  Bloomberg profile is inadmissible hearsay.  In any event, even if the Bloomberg profile is

8  accurate, it does not contradict SDIA's representation that it did not design, fabricate, assemble,

9  manufacture, package, label, test, modify, warranty, distribute, wholesale, supply, import, export,

10  advertise, market, sell, or make any representations concerning the safety of the *18650 lithium-ion*

11  *batteries* referenced in the Complaint.

12      Plaintiff also relies on documents from the U.S. Customs that purport to show SDIA's

13  import data for April 26, 2018 to April 26, 2019.  *See* Nehmens Decl., Ex. D.  These documents,

14  however, are illegible and will not be considered.  Plaintiff also relies on a news article appearing

15  on www.crainsdetroit.com regarding SDIA's future operation of an automotive battery pack

16  manufacturing facility in Michigan.  *See* Nehmens Decl., Ex. E.  This article might have some

17  relevance if SDIA's automotive battery pack is comprised of an 18650 lithium-ion battery or

18  batteries, but there is no evidence that it is.  In fact, SDIA represents that its automotive battery

19  pack uses midsize lithium-ion batteries that are entirely different from the 18650 batteries used in

20  an e-cigarette.  Defs.' Opp'n at 10; Supplemental Decl. of Jikwang Kim ¶ 10.  Like the Bloomberg

21  profile, the online article on www.crainsdetroit.com is inadmissible hearsay and does not

22  contradict SDIA's representation that it did not design, fabricate, assemble, manufacture, package,

23  label, test, modify, warranty, distribute, wholesale, supply, import, export, advertise, market, sell,

24  or make any representations concerning the safety of the *18650 lithium-ion batteries* referenced in

25  the Complaint.

26      In sum, SDIA has presented clear, convincing, and uncontroverted evidence that there is no

27  connection between SDIA and the 18650 lithium-ion batteries at issue in this case.  Based upon

28  Case No.: 5:19-cv-05621-EJD
ORDER DENYING MOTION TO REMAND; GRANTING MOTION TO TRANSFER

1   this evidence, there is no legal basis for holding SDIA liable for any of the claims asserted in the

2   Complaint.  *O'Neil*, 53 Cal.4th at 348-49.  SDIA is not in the chain of distribution, and therefore

3   Plaintiff's reliance on *Bostick* is unavailing.  Accordingly, SDIA is a sham defendant whose

4   citizenship is disregarded for purposes of assessing diversity of citizenship.  *Ritchey*, 139 F.3d at

5   131.  When SDIA's citizenship is disregarded, there exists complete diversity.

6          Nevertheless, Plaintiff argues that removal "was improper until and unless the non-diverse

7   defendant has been formally dismissed from the action."  Pl's Reply at 3.  The argument borders

8   on frivolous.  None of the cases relied upon by Plaintiff involves a fraudulent joinder like the one

9   presented here.  Rather, in nearly all of the cases relied upon by Plaintiff, a defendant attempted to

10   remove an action to federal court after the claims against the non-diverse co-defendant had been

11   resolved, but before the non-diverse co-defendant had been dismissed as a party to the suit.

12   Because the non-diverse co-defendant was still a party to the suit, each court remanded the suit to

13   state court for lack of complete diversity.  *Tyler v. American Optical Corp.*, No. 16-2337 JAK,

14   2016 WL 1383459, at *4 (C.D. Cal. Apr. 7, 2016) (stating that a settlement with a non-diverse

15   party does not establish diversity unless and until that party is dismissed from the action);

16   *Unterleitner v. Basf Catalysts LLC*, No. 16-818 JSC, 2016 WL 805167, at *3 (N.D. Cal. Mar. 2,

17   2016) (holding that removal was improper because even though the diversity-destroying

18   defendants had settled, they had not been formally dismissed); *Moody v. Armstrong Int'l Inc.*, No.

19   15-9491 GHK, 2016 U.S. Dist. LEXIS 783, at *5-6 (C.D. Cal. Jan. 4, 2016) (noting that district

20   courts in the Ninth Circuit have concluded that the citizenship of a defendant who has

21   settled a California action, but has not yet been formally dismissed from that action, can defeat

22   removal jurisdiction); *Garcia v. Allstate Ins. Co.*, No. 14-6478 CAS, 2014 WL 12708964, at *1

23   (C.D. Cal. Oct. 24, 2014) (remanding case because a settlement with the non-diverse party does

24   not establish diversity jurisdiction unless and until that party is dismissed from the action); *Clark

25   v. BHP Copper, Inc.*, No. 10-1058 TEH, 2010 WL 1266392, at *2 (N.D. Cal. Mar. 30, 2010)

26   (rejecting argument that a settlement with a defendant rendered that defendant a sham defendant

27   for purposes of removal); *Dunkin v. A.W. Chesterton Co.*, No. 10-458 SBA, 2010 WL 1038200, at

28   Case No.: 5:19-cv-05621-EJD

ORDER DENYING MOTION TO REMAND; GRANTING MOTION TO TRANSFER

1   *3 (N.D. Cal. Mar. 19, 2010) ("[S]ettlement is insufficient to confer removal jurisdiction where

2   the formal dismissal of the non-diverse defendant has not yet been entered.") (citations omitted));

3   *but see Self v. General Motors Corp.*, 588 F.2d 655 (1978) (reversing and remanding with

4   direction to trial court to remand the case because even though final judgment had been entered

5   against non-diverse defendant, the plaintiff had not voluntarily dismissed or discontinued the case

6   against that defendant) and *Moore v. Goodyear Tire & Rubber Co.*, No. 11-1174 PHX, 2011 WL

7   3684508, at *2-3 (D. Ariz. Aug. 23, 2011) (holding that notice of settlement was sufficient to

8   make the case removable under §1446(b)).

9         Defendants' removal was proper.  SDIA is a sham defendant and will be dismissed.

10  Plaintiff's motion to remand and request for attorneys' fees are denied.

11                **B.        MOTION TO DISMISS OR TO TRANSFER**

12        With SDIA dismissed as a sham defendant, the only Defendant is Samsung.  Samsung

13  moves to dismiss the action for improper venue, or in the alternative, to transfer the action to the

14  Eastern District of Texas, Sherman Division because Plaintiff was injured and received medical

15  treatment for his injuries in Texas.  Samsung contends that a transfer is appropriate pursuant to 28

16  U.S.C. section 1406(a) for improper venue and pursuant to section 1404(a) for the convenience of

17  the parties, witnesses and in the interest of justice.  Plaintiff counters that even if SDIA is

18  dismissed, venue is proper in this court as to Samsung pursuant to 28 U.S.C. § 1391(c)(3).

19  Plaintiff also contends that Samsung has not carried its burden of showing that a transfer is

20  justified under 28 U.S.C. § 1404(a).

21        Federal Rule of Civil Procedure 12(b)(3) allows a party to bring a motion to dismiss for

22  improper venue.  If venue is challenged, the plaintiff bears the burden of establishing that venue is

23  proper.  *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 469 (9th Cir. 1979)

24  ("Plaintiff had the burden of showing that venue was properly laid in the Northern District of

25  California.").  When ruling on a Rule 12(b)(3) motion, a court need not accept as true the

26  allegations in the complaint, and may consider facts outside the pleadings.  *Murphy v. Schneider*

27  *Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004).  Nevertheless, the court must draw all reasonable

28  Case No.: 5:19-cv-05621-EJD
    ORDER DENYING MOTION TO REMAND; GRANTING MOTION TO TRANSFER

United States District Court
Northern District of California

1    inferences and resolve all factual conflicts in favor of the non-moving party.  *Id*. at 1138.  If venue

2    is improper, the court must either dismiss the action or, if it is in the interests of justice, transfer

3    the case to a district or division in which it could have been brought.  28 U.S.C. § 1406(a); *King v.*

4    *Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

5         "Venue against an alien corporation is a function of whether the court has personal

6    jurisdiction over that corporation."  *Sharp Corp. v. Hisense Electric, Co. Ltd.*, No. 17-5404 CM,

7    2017 WL 9325873, at *3 (S.D.N.Y. Dec. 22, 2017).  For purposes of venue, a corporation

8    "resides" in "any judicial district in which such defendant is subject to the court's personal

9    jurisdiction with respect to the civil action in question."  28 U.S.C. § 1391(c)(2).  A defendant that

10   does not reside in the United States may be sued in any judicial district.  28 U.S.C. § 1391(c)(3).

11        Here, both sides address in some detail whether this Court has personal jurisdiction over

12   Samsung such that venue is proper pursuant to section 1391(c)(2).  That issue, however, is an

13   academic one which need not be decided by this Court.  This is because even if Plaintiff is correct

14   that venue is proper, the Court must necessarily decide Defendants' motion to transfer under

15   section 1404(a).  Alternatively, if Defendants are correct that venue is improper, the Court must

16   necessarily decide Defendants' motion to dismiss or transfer under section 1406(a).[3]

17        Defendants would prefer that the Court apply section 1406(a) and exercise its discretion to

18   dismiss rather than transfer because Plaintiff has purportedly acted in bad faith.  Specifically,

19   Defendants contend that Plaintiff filed suit here even after SDIA told Plaintiff's counsel in no

20   uncertain terms that SDIA does not manufacture, distribute, sell, and/or otherwise introduce e-

21   cigarette batteries into the chain of commerce.  Indeed, based upon SDIA's representations,

22   counsel voluntarily dismissed one of the many suits filed against SDIA.  *See Flowers v. SDIA*, No.

23   13-231 (Dist. Ct. Tex. filed Apr. 25, 2018).  Defendants argue that it is not in the "interests of

24   justice" to transfer this action under section 1406(a) because Plaintiff "obviously" or

---

[3] This Court need not have personal jurisdiction over Samsung to order a change of venue.
*Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962); *SongByrd, Inc. v. Estate of Grossman*,
206 F.3d 172, 177 n. 9 (2nd Cir. 2000).

Case No.: 5:19-cv-05621-EJD
ORDER DENYING MOTION TO REMAND; GRANTING MOTION TO TRANSFER

13

United States District Court
Northern District of California

1    "deliberately" filed this action in the wrong court.  *See King*, 963 F.2d at 1304 (affirming

2    dismissal on grounds of improper venue based on evidence that plaintiff's actions "smack[ed] of

3    harassment and bad faith").

4          The Court finds that dismissal is not warranted.  The record indicates that Plaintiff's

5    counsel, not Plaintiff, filed several other lawsuits against SDIA.  Because of counsel's

6    involvement in these other lawsuits, counsel learned and should have anticipated that SDIA would

7    argue that it was a sham defendant in this case.  There has been no showing that Plaintiff himself

8    "obviously" and "deliberately" filed his suit in the wrong court.  Therefore, Defendants' motion to

9    dismiss is denied.

10         Turning next to the issue of transfer, this Court will assume without deciding that venue is

11    proper in this district and proceed with a section 1404(a) analysis.  As a threshold matter, it is

12    undisputed that Defendants' proposed venue, the Eastern District of Texas, Sherman Division, is a

13    district or division in which the case could have been brought.[4]  In determining whether to transfer

14    an action pursuant to section 1404(a), the Court considers the following factors: (1) the plaintiff's

15    choice of forum, (2) the convenience of the parties, (3) the convenience of the witnesses, (4) ease

16    of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of

17    consideration of other claims, (7) any local interest in the controversy, and (8) the relative court

18    congestion and time of trial in each forum.  *Wellens v. Daiichi Sankyo Co.*, No. 13-581 CW, 2013

19    WL 3242294, at * 2 (N.D. Cal. June 25, 2013); *Barnes & Noble v. LSI Corp.*, 823 F. Supp. 2d

20    980, 993 (N.D. Cal. 2011). "The burden is on the party seeking transfer to show that when these

21    factors are applied, the balance of convenience clearly favors transfer."  *Alul v. American Honda

22    Motor Company, Inc.*, No. 16-04384 JST, 2016 WL 9116934 (N.D. Cal. Dec. 7, 2016) (citing

23    *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)).  A transfer is

24    not appropriate if the result is merely to shift the inconvenience from one party to another.  *Van

25    Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964).

26

27    [4] Samsung does not contest personal jurisdiction in the Eastern District of Texas.  Defs.' Motion at 9.

28    Case No.: 5:19-cv-05621-EJD

United States District Court
Northern District of California

1   The Court finds that Plaintiff's choice of forum deserves little weight because Plaintiff

2   does not reside in California and this forum lacks any connection to the activities alleged in the

3   Complaint.  *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).  The site of

4   Plaintiff's alleged injuries, the ease of access to evidence and the convenience and location of

5   witnesses all weigh in favor of a transfer.  As Plaintiff recognizes, his medical records and treating

6   physician are in Texas.  Although technological advances have made it less inconvenient to obtain

7   evidence and testimony from remote locations, it is often preferable and more efficient when

8   evidence and witnesses are located nearer to the district where the case is pending.  Samsung will

9   inevitably need to depose fact witnesses and medical providers, and potentially call witnesses to

10   testify at trial.  The unavailability of process to compel the attendance of non-party witnesses for

11   trial in California weighs in favor of a transfer to the Eastern District of Texas, Sherman Division.

12   The "familiarity of each forum with applicable law" also weighs in favor of a transfer.

13   Texas has a far greater interest in applying its law than California does because Plaintiff was

14   injured in Texas while he was a resident of Texas.  *See Reich v. Purcell*, 67 Cal.2d 551, 555-556

15   (1967) (holding that California had no interest in applying its laws to suit involving automobile

16   accident that occurred in Missouri when plaintiffs were domiciled in Ohio, not California); *Holt v.*

17   *Globalinx Pet, LLC*, No. 13-41 DOC, 2013 WL 3947169, at *14 (C.D. Cal. July 30, 2013)

18   (holding that Texas had a greater interest in applying its laws because plaintiff's dog died in Texas

19   while plaintiff was a resident of Texas, allegedly from food purchased in Texas).  For similar

20   reasons, Texas has a local interest in the controversy while California does not.  *Garcia v. 3M Co.*,

21   No. 09-1943 RMW, 2009 WL 3837243, at *4 (N.D. Cal. Nov. 16, 2009) ("When an action

22   involves an incident occurring in a particular locale, there is a public interest in having the

23   controversy adjudicated in that locale, rather than in a remote forum.").  The remaining factors—

24   feasibility of consideration of other claims and the relative court congestion and time of trial in

25   each forum—are neutral.

26   Defendants have met their burden of showing that when the §1404(a) factors are applied,

27   the balance of convenience clearly favors transfer.

28   Case No.: 5:19-cv-05621-EJD
ORDER DENYING MOTION TO REMAND; GRANTING MOTION TO TRANSFER

United States District Court
Northern District of California

1

## III.     CONCLUSION

2

For the reasons discussed above, Plaintiff's motion to remand and request for attorneys'

3

fees are DENIED.  SDIA is dismissed as a sham defendant.  Defendant Samsung's motion to

4

transfer is GRANTED.  The Clerk of Court is directed to transfer this action to the Eastern District

5

of Texas, Sherman Division.

6

**IT IS SO ORDERED.**

7

Dated:  April 27, 2020

8

_____
EDWARD J. DAVILA
United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.: 5:19-cv-05621-EJD
ORDER DENYING MOTION TO REMAND; GRANTING MOTION TO TRANSFER
16

United States District Court
Northern District of California